UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-1895-SK | Date | October 12, 2021 |
|---|---|---|---|
| Title | Stillwater Ltd. v. Antonia Basilotta | | |

Present: The Honorable   Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER DEFERRING DEFENDANT'S MOTIONS FOR ATTORNEY'S FEES AND TAXABLE COSTS [ECF 209, 210]**

Defendant Antonia Basilotta moves for an award of attorney's fees and costs under 17 U.S.C. § 505 as the prevailing party in this copyright action. (ECF 209, 210). She seeks $794,010.00 in attorney's fees and $32,329.06 in costs. (ECF 210 at 2; ECF 212 at 7). Plaintiff Stillwater, however, has appealed the underlying judgment on its merits to the Ninth Circuit. (ECF 216, 228). In that situation, the court "may defer its ruling" on the fee and cost motions or "deny the motion[s] without prejudice" until "after the appeal has been resolved." 1993 Adv. Comm. Notes, Fed. R. Civ. P. 54(d); *see Apple Inc. v. Samsung Elecs. Co.*, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014). That is especially prudent if, as here, "the claim for fees involves substantial issues or is likely to be affected by the appellate decision." 1993 Adv. Comm. Notes, Fed. R. Civ. P. 58; *see G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018).

For these reasons, the ruling on Defendant's motion for attorney's fees (ECF 209) and her motion for costs (ECF 210) is ordered DEFERRED until after the pending appeal is resolved. **Within 21 days of the issuance of the mandate by the Ninth Circuit, Defendant must notify the court in writing of the Ninth Circuit's decision and request that the deferred motions be either vacated or renewed (depending on the appellate outcome).** If Defendant fails to file that timely notice and request as ordered, the motions will be automatically vacated without further order of the court on the 22nd day after the issuance of the Ninth Circuit's mandate. Meanwhile, the motions are ordered REMOVED from the court's active calendar.

**IT IS SO ORDERED.**